# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREA A. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:21-cv-04342-SCJ-LTW |
| I.Q. DATA INTERNATIONAL, ) | |
| INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, I.Q. Data International, Inc. ("Defendant"), the Defendant in the above-referenced case, and files this, its Answer to Plaintiff's Complaint, showing the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

While Defendant expressly denies that it violated any provision of the Fair Debt Collection Practices Act, in any event, any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the occurrence of any such error.

### THIRD DEFENSE

All of Defendant's actions were good faith efforts to lawfully collect a debt believed by Defendant to be owed by Plaintiff.

### FOURTH DEFENSE

Plaintiff has failed to mitigate damages as required by law.

### FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim for actual, compensatory and/or statutory damages.

### SIXTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by statute.

### SEVENTH DEFENSE

Plaintiff's alleged damages are the result of the acts and/or omissions of Plaintiff or other persons over whom Defendant has no control and does not give rise to any liability of Defendant.

### EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not incurred any injury in fact and therefore lacks standing.

**NINTH DEFENSE**

Any recovery to Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that Plaintiff owes on her underlying account.

**TENTH DEFENSE**

Defendant reserves the right to assert additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

**ELEVENTH DEFENSE**

For answer to the respective paragraphs of the Complaint, Defendant shows as follows:

**Alleged Nature of the Action**

1.

Defendant admits this is an action brought pursuant to the Fair Debt Collection Practices Act under 15 U.S.C. § 1672, *et seq.* but denies that Plaintiff is entitled to any relief, and denies the remaining allegations pled in Paragraph 1 of the Complaint.

**Alleged Jurisdiction and Venue**

2.

Defendant admits this is an action brought pursuant to the Fair Debt Collection Practices Act and that Plaintiff seeks to invoke jurisdiction, and denies the remaining allegations pled in Paragraph 2 of the Complaint.

3.

Defendant admits that Plaintiff seeks to invoke venue, and denies the remaining allegations pled in Paragraph 3 of the Complaint.

**Alleged Parties**

4.

Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 4 of the Complaint.

5.

Defendant admits that its principal place of business is in Washington and that it maintains a website. Defendant shows that the remaining allegations pled in Paragraph 5 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the legal conclusions and denies the remaining allegations pled in Paragraph 5 of the Complaint.

6.

Defendant shows that the allegations pled in Paragraph 6 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the legal conclusions and denies the remaining allegations pled in Paragraph 6 of the Complaint.

## ALLEGED FACTS SUPPORTING CAUSE OF ACTION

7.

Defendant is without knowledge of an entity named "Encalve Apartments in Sliverspring – Maryland." Defendant therefore denies the allegations pled in Paragraph 7 of the Complaint.

8.

Defendant is without sufficient knowledge as to whether or not Plaintiff received calls, the dates of such calls, and the cellular telephone number of Plaintiff. Defendant therefore denies the allegations pled in Paragraph 8 of the Complaint.

9.

The phrase "multiple numbers" is vague and undefined. Defendant is therefore without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 9 of the Complaint.

10.

Defendant admits the allegations pled in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations pled in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations pled in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations pled in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations pled in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations pled in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations pled in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations pled in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations pled in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations pled in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations pled in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations pled in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations pled in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations pled in Paragraph 23 of the Complaint.

## COUNT I - ALLEGED VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24.

Defendant incorporates by reference its responses to Paragraph 1 through 23 of the Complaint as though set forth specifically herein.

25.

Defendant shows that the allegations pled in Paragraph 25 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the legal conclusions and denies the remaining allegations pled in Paragraph 25 of the Complaint.

26.

Defendant shows that the allegations pled in Paragraph 26 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the legal conclusions and denies the remaining allegations pled in Paragraph 26 of the Complaint.

27.

Defendant shows that the allegations pled in Paragraph 27 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the legal conclusions and denies the remaining allegations pled in Paragraph 27 of the Complaint.

28.

Defendant shows that the allegations pled in Paragraph 28 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant admits that it sometimes collects debts owed to others and denies the remaining allegations pled in Paragraph 28 of the Complaint.

**a. Alleged Violations of FDCPA §§1692b and §1692c**

29.

Defendant denies the allegations pled in Paragraph 29 of the Complaint to the extent they misstate the referenced authority, which speaks for itself.

30.

Defendant denies the allegations pled in Paragraph 30 of the Complaint to the extent they misstate the referenced authority, which speaks for itself.

31.

Defendant denies the allegations pled in Paragraph 31 of the Complaint.

### b. Alleged Violations of FDCPA §1692c(a)(1) and §1692d

32.

Defendant denies the allegations pled in Paragraph 32 of the Complaint to the extent they misstate the referenced authority, which speaks for itself.

33.

Defendant denies the allegations pled in Paragraph 33 of the Complaint.

34.

Defendant denies the allegations pled in Paragraph 34 of the Complaint.

35.

Defendant denies the allegations pled in Paragraph 35 of the Complaint.

### c. Alleged Violations of FDCPA §1692e

36.

Defendant denies the allegations pled in Paragraph 36 of the Complaint to the extent they misstate the referenced authority, which speaks for itself.

37.

Defendant denies the allegations pled in Paragraph 37 of the Complaint to the extent they misstate the referenced authority, which speaks for itself.

38.

Defendant denies the allegations pled in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations pled in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations pled in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations pled in Paragraph 41 of the Complaint.

**d.  Alleged Violations of FDCPA §1692f**

42.

Defendant denies the allegations pled in Paragraph 42 of the Complaint to the extent they misstate the referenced authority, which speaks for itself.

43.

Defendant denies the allegations pled in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations pled in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations pled in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations pled in Paragraph 46 of the Complaint.

Any allegations in the Complaint not heretofore answered, qualified or denied are here and now denied as though set forth specifically and denied.

Defendant demands a trial by jury on all issues triable by a jury.

**WHEREFORE**, the Defendant in the above-referenced civil action respectfully requests that this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Award Defendant its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) or otherwise; and

3. Award any and all other relief to Defendant that this Court may deem necessary and proper.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/Matthew N. Foree*
Jill R. Dunn
Georgia Bar No. 602155
Matthew N. Foree
Georgia Bar No. 268702

*Attorneys for Defendant I.Q. Data International, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960

jdunn@fmglaw.com
mforee@fmglaw.com

12

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ANDREA A. REED,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) **CIVIL ACTION FILE NO.** |
| | ) **1:21-cv-04342-SCJ-LTW** |
| **I.Q. DATA INTERNATIONAL, INC.,** | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

This 20th day of December, 2021.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/ Matthew N. Foree
Matthew N. Foree
Georgia Bar No. 268702

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960